* E-filed 2/10/09*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ALAN DOUGLAS FIELD,

        Plaintiff,

    v.

THE CITY OF SAN JOSE, GARRY MCLEOD,
MIKE DELECROIX, JOSEPH HORWEDEL,
RICHARD DOYLE, ALL CITY EMPLOYEES
1-1000, inclusive,

        Defendants.

_____/

Case No. CV 08-4715-HRL

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

Re: Docket Nos. 14, 16, 22

United States District Court
For the Northern District of California

    Defendants move to dismiss the First Amended Complaint pursuant to the *Colorado River* abstention doctrine, or, alternatively, under Fed. R. Civ. P. 12(b)6 or 12(f). The court considered plaintiff's Opposition although it was filed a week late[1]. The matter was heard on February 10, 2009. Having considered the papers filed[2] as well as the arguments of the parties, the court grants the motion for an order of abstention and dismisses the action[3].

---

    [1] Defendants filed an objection to the opposition, partly because its tardy filing had deprived them of an opportunity to reply. Then, on the day before the hearing, plaintiff filed a <u>second</u> "Opposition to Defendants' Motion to Dismiss and Request for Leave to Amend." The court OVERRULES defendants' objections, and, in the interest of justice, considers plaintiff's first opposition. The second opposition, however, is redundant and untimely, and the court now STRIKES it from the record pursuant to Fed. R. Civ. P. 12(f).

    [2] The court GRANTS defendants' request to take judicial notice of certain papers filed in two Santa Clara County Superior Court actions, Field v. City of San Jose et al, 1-08-CV-108005 and 1-08-CV-126726.

    [3] Pursuant to 28 U.S.C. §636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings may be heard and finally adjudicated by the undersigned.

<div style="float:left">United States District Court<br>For the Northern District of California</div>

### FACTUAL BACKGROUND

In his papers, plaintiff Alan Douglas Field describes the transition taking place in his San Jose neighborhood. So-called "monster homes" built by wealthy people are replacing older, more modest homes like the one he owns. Although he feels he is surrounded by monster homes, and under pressure to sell his house, he intends to stay right where he is.

The trouble began in the spring of 2006 when he built a "secret invention" in his backyard. The invention was intended to generate electricity by "manipulating air injected into deep water in a study tank." (First Amended Complaint p. 1-2). An overly curious neighbor (apparently living in a monster house that shared a property line with Field's backyard) became outraged when Field would not reveal the secrets of the invention to him. Accordingly, the neighbor called the San Jose Code Enforcement office, and City inspectors began to take an unwarranted interest in his property. To get back at the meddlesome neighbor, Field tossed junk up on the roof of his own garage, where it would be in plain view of the neighbor's second story windows. (He refers to this "installation" as "free speech artwork." It is the basis of his constitutional claim for violation of his First Amendment rights. *Id* at p.4) Field also splashed bright paint on the wall of his home that faced the neighbor's windows. Someone called the fire department about "hazardous materials" supposedly in Field's backyard. After the Fire Department visited his property, Field received a host of citations for building code violations.

Matters got worse. The code inspector assigned to Field's case became very pushy about wanting to conduct a full inspection of his property. Plaintiff resisted. The inspector (McLeod) then submitted bogus claims of code violations in order to obtain a search warrant. The warrant was issued and resulted in a Gestapo-like search of not only his backyard (where the trumped up violations were supposed to be) but of his home as well.  A raft of additional citations resulted, and plaintiff is now faced with the specter of thousands of dollars in fines.

### LITIGATION BACKGROUND

After Field's appeals to the City Planning Commission failed, in March 2008 he filed a 122 page complaint for damages in Santa Clara County Superior Court against the City, various City departments, and nine City employees (including the code enforcement inspectors, the City

1   Attorney (Doyle) and others that plaintiff thought had a hand in the repression and unlawful

2   acts to which he felt he had been subjected). He alleged 14 causes of action, including fraud,

3   personal injury, harassment, public humiliation, invasion of privacy, trespass, breach of

4   contract, property damage, malicious prosecution, and emotional distress. Two causes of action

5   were based on alleged violation of the United States Constitution: the First Amendment ( for the

6   grief he suffered on account of the artistic installation on his garage roof) and the Fourth

7   Amendment ( for the illegal search; or for a search beyond the bounds of the warrant). The City

8   defendants demurred, so plaintiff filed a First Amended Complaint. Defendants demurred again.

9   The demurrer was sustained in part and overruled in part. (Significantly, the demurrer was

10   overruled as to plaintiff's constitutional claims). Field filed a Second Amended Complaint (104

11   pages) and, two days later, a Third Amended Complaint (113 pages). Defendants demurred

12   again, and the matter is currently set for hearing in March, 2009.

13        In the meantime, on October 10, 2008, just before the Superior Court ruled on the

14   demurrer to the First Amended Complaint, Field filed a 79 page complaint in this court. It

15   alleges the same series of acts and events that he raised in his Superior Court action. It names

16   almost exactly the same defendants named in his Superior Court Third Amended Complaint. Its

17   claims for relief are, with some inconsequential variation, the same claims for relief he pleaded

18   in the state action (including violation of his rights under the First and Fourth Amendments.)

19   Before defendants appeared, Field filed a First Amended Complaint ("FAC"), ballooned up to

20   124 pages, which added a new defendant (a City employee) and a claim for abuse of process,

21   and dropped the claim for extortion.  This FAC is what the defendants now move to dismiss.[4]

22   <div align="center">**ANALYSIS**</div>

23        Defendants move to dismiss the First Amended Complaint pursuant to the *Colorado*

24   *River* abstention doctrine. An "abstention doctrine" is any of several doctrines courts apply to

25   refuse to hear a case. *Colorado River* abstention specifically comes into play when more than

26

27        [4] Finally, on October 31, 2008 Field file a second action in Santa Clara County
Superior Court, again concerning the code enforcement activities which are the subject of the
28   earlier Superior Court suit as well as this federal action.  This one alleges some but not all of
the causes of action plead in the two earlier filings.

one case is being litigated in more than one court. Under such circumstances, it makes little

sense for two courts to expend the time and effort to achieve resolution of the same questions.

Federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction

given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817

(1976). The *Colorado River* doctrine is animated by the desire to avoid wasteful duplication of

litigation, and should be invoked only in "exceptional circumstances." *Moses H. Cone*

*Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10, 19 (1983). The doctrine "rest[s] on

considerations of [w]ise judicial administration, giving regard to conservation of judicial

resources and comprehensive disposition of litigation." *Id.* (quoting *Kerotest Mfg. Co. v.*

*C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

Courts consider a number of factors to determine whether *Colorado River* abstention is

appropriate. Six factors have been expressly recognized by the Supreme Court, while additional

considerations have been adopted by the Ninth Circuit.

In *Colorado River* the Supreme Court examined four factors to determine whether

abstention was appropriate: (1) whether either court has assumed jurisdiction over a res; (2) the

relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; and (4)

the order in which the forums obtained jurisdiction. *See* 424 U.S. at 818. In *Moses Cone*, the

Court articulated two more: (5) whether state or federal law controls and (6) whether the state

proceeding is adequate to protect the parties' rights. See 460 U.S. at 25-26. Courts are directed

to apply these factors "in a pragmatic and flexible way, as part of a balancing process rather

than as a 'mechanical checklist.' " *American Int'l Underwriters, (Phillipines), Inc. v.*

*Continental Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir.1988) (quoting *Moses Cone*, 460 U.S. at 16).

In keeping with the flexibility of the *Colorado River* analysis, the Supreme Court has

recognized its list of factors is not exclusive, and that other factors can be considered. *See Id.* In

the case at hand, one such relevant additional factor is whether a "parallel state proceeding"

exists.

United States District Court

For the Northern District of California

1        Factors 3, 4, and 6 weigh strongly in favor of abstention[5]. Piecemeal litigation occurs

2    when more than one court issues rulings on the same claims. Field himself agrees that the same

3    conduct, events, claims and people are at issue in both the state and federal court cases.

4    Permitting this case to continue would likely result in piecemeal litigation (factor 3). Since

5    plaintiff filed his state court complaint six months before he filed the federal complaint, the

6    state court had jurisdiction first (factor 4).

7        Lastly, although he filed a lengthy opposition, Field did not suggest, either in his papers

8    or at the hearing, any reason why the Superior Court case will not adequately protect his rights

9    (factor 6). The opposition he filed does not address abstention at all, but rather rehashes the

10    details of plaintiff's grievances in minute detail. At the hearing, Field explained that he was

11    afraid that the Superior Court action was going to be thrown out, despite the fact that the judge

12    overruled defendants' demurrer in part. It appears that Field wants the federal case to proceed

13    "just in case" he is unsatisfied with the Superior Court's rulings. He seems to feel that having

14    two pending and virtually identical lawsuits—one in state court and one in federal court—is

15    preferable.

16        Factor 5 (whether state or federal law controls ) is a closer question. California law

17    controls the vast majority of the plaintiffs' claims. Nonetheless, "the presence of federal-law

18    issues must always be a major consideration weighing against surrender [of jurisdiction]."

19    *Moses Cone*, 460 U.S. at 26. Here, the fact that plaintiff alleges two federal constitutional

20    claims suggests this court should exercise caution in considering abstention. This court's

21    jurisdiction arises from 42 U.S.C. § 1983. (Although plaintiff did not specifically make this

22    claim in his papers, his remedies for the alleged constitutional violations flow from § 1983.)

23    Yet, state courts have "concurrent jurisdiction over actions brought under 42 U.S.C. § 1983."

24    *Arkansas Writers' Project, Inc. v. Ragland,* 481 U.S. 221, 234 (1987). Moreover, the state court

25    judge overruled defendants' demurrer to plaintiff's constitutional claims, and even defendants

26    admit that plaintiff's constitutional claims are likely to survive any pleading challenge. When

27

28        [5] Neither plaintiff nor defendants argue that factors 1 or 2 are relevant. Because
neither factor is pertinent to the court's decision, the court does not discuss them.

United States District Court
For the Northern District of California

1   the state and federal courts have concurrent jurisdiction over a claim, factor 5 becomes less

2   significant. *See Moses Cone*, 460 U.S. at 25. Because the Superior Court has concurrent

3   jurisdiction over plaintiff's § 1983 claims, factor 5 weighs only slightly against abstention. It is

4   entitled to significantly less weight than the factors that weigh in favor of abstention.

5           Finally, the court notes that plaintiff's state court case meets the definition of a "parallel

6   state proceeding." Although this is not specifically enumerated as part of the *Colorado River*

7   analysis, the Ninth Circuit addressed this consideration in *Nakash v. Marciano,* and the

8   Supreme Court referred to it in *Moses Cone*. *See* 882 F.2d at 1416; *Moses Cone,* 460 U.S. at 18

9   n. 20. In *Nakash,* the Ninth Circuit explained "that exact parallelism . . . is not required. It is

10  enough [for abstention] if the two proceedings are substantially similar." *Id.* at 1416 (internal

11  quotations omitted). As mentioned before, defendants assert, and plaintiff himself admits, that

12  the federal case and first-filed state court case are virtually identical. Both arise from the same

13  events. Both raise the same claims. Almost all of the defendants in one case are defendants in

14  the other. Resolution of the first-filed state court action will dispose of all the claims plaintiff

15  brings in federal court.

16          The court emphasizes that it is not ruling on the merits of the case. Field sincerely

17  believes that he has been sorely aggrieved. He may be able to prove his allegations. At least, he

18  is entitled to present what evidence he can develop to support any legally cognizable claims he

19  has. He is not, however, entitled to pursue the same claims in two courts at once. Plaintiff chose

20  the Superior Court first. He can obtain full relief in that forum. That is where he must litigate.

21                                  **ORDER**

22          The defendants' motion to dismiss pursuant to the *Colorado River* doctrine is

23  GRANTED. The court does not reach defendants' motion to dismiss pursuant to Fed. R. Civ. P.

24  12(b)(6) or 12(f). The case management conference currently scheduled for March 17, 2009 is

25  VACATED.

26  **IT IS SO ORDERED.**

27  Dated: 2/10/09                    _____

28                                    HOWARD R. LLOYD
                                      UNITED STATES MAGISTRATE JUDGE

                                        6

**United States District Court**

For the Northern District of California

1   THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

2

3   Daisy.Nishigaya@sanjoseca.gov

4   **Alan Douglas Field**
    2173 Radio Avenue
    San Jose, CA 95125
5   408-597-6144

6

7   * Counsel are responsible for providing copies of this order to co-counsel.

8
    Dated: 2/10/09
9
                                        _____/s/ mpk_____
10                                      Chambers of Magistrate Judge Lloyd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28